UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X
JAVIER ROBLES,                  :
                                :      14 Civ. 9311 (LAP)
               Petitioner,      :
                                :      Related To:
     -against-                  :      S6 04 Cr. 1036 (LAP)
                                :
UNITED STATES OF AMERICA,       :      Memorandum Opinion
                                :            and Order
               Respondent.      :
                                :
------------------------------x

Loretta A. Preska, Senior United States District Judge:

     Petitioner Javier Robles ("Petitioner"), proceeding pro se,

filed the instant petition for a writ of habeas corpus pursuant

to Title 28, United States Code, Section 2255, (Pet., Nov. 18,

2014, No. 14 Civ. 9311 (LAP), dkt. no. 1), and an accompanying

memorandum of law.  (Pet. Mem., Nov. 18, 2014, dkt. no. 2).  In

response, the Government filed an opposition.  (Opp., Mar. 19,

2014, dkt. no. 9).  For reasons set forth below, Petitioner's

motion is denied.

     I.    BACKGROUND

     On January 10, 2006, Petitioner's trial commenced before

Judge Gerard E. Lynch.  Petitioner was charged in the following

counts: conspiring to commit Hobbs Act robberies of narcotic

traffickers from in or about December 2001 through in or about

December 2003 in violation of Title 18, United States Code,

Section 1951(b)(3), (Count One)(Indictment ¶¶ 1-2, Feb. 9, 2004,

1

No. 04 Cr. 1036, dkt. no. 1); robbery and attempted robbery of
drug dealers in the metropolitan New York area in violation of
Title 18, United States Code, Section 1951(b)(3), (Counts Two,
Three, Four, and Five)(id. ¶¶ 2-3); carrying, possessing, and
branding firearms during the robberies charges in Counts Two,
Three, and Four in violation of Title 18, United States Code,
Sections 924(c)(1)(A)(ii), (Counts Nine, Ten, and
Eleven)(id. ¶ 4); and conspiring to distribute narcotics in
violation of Title 21, United States Code Section 846, (Count
Fourteen).  (Id. ¶¶ 6-7).

Trial ended on February 3, 2006, when the jury returned a
verdict of guilty against Robles on Counts One and Two and
acquitted Robles on all other counts.  (Opp. at 4).  On October
13, 2006, Judge Lynch sentenced Robles to concurrent 240-month
terms of imprisonment for Counts One and Two.  (Id.)

Petitioner filed a Notice of Appeal.  (Notice of Appeal,
Oct. 16, 2005, dkt. no. 145).  On Appeal, the Court of Appeals
found that the jury instruction stating that all drug
trafficking is presumed to have an effect on interstate commerce
was erroneous due to an intervening change in the law.  (2d Cir.
Op., Aug. 31, 2010, dkt. no. 170).  The Court of Appeals
therefore reversed Petitioner's conviction on Count Two, which
concerned the robbery of a marijuana dealer, finding that there
was insufficient proof of an interstate effect because the

marijuana was grown in New York State.  (Id. at 19).  The Court affirmed Petitioner's conviction of Count One, which concerned conspiracy to rob cocaine and heroin dealers, because those drugs were not made in New York State and thus involved an interstate element.  (Id.)  The Court remanded the case for further proceedings consistent with its opinion.  (Id.)

On May 9, 2013, this Court held a de novo resentencing proceeding of Petitioner.  (Resentencing Tr., May 9, 2013, dkt. no. 223).  The Court accepted the findings in the presentence report ("PSR") that calculated an offense level of 35 and determined that petitioner's criminal conduct placed him in Criminal History Category IV.  Accordingly, Petitioner's sentencing guidelines range was 235 to 293 months' imprisonment. (Id. at 9-11).  After hearing arguments from both parties and considering each of the factors under Title 18, United States Code, Section 3535(a), the Court indicated that it intended to sentence petitioner to 240 months imprisonment, running from October 25, 2004, the date on which Petitioner initially appeared in the Southern District of New York.  (Id. at 30-33).

On May 21, 2013, the Court issued an amended judgment, sentencing petitioner to 236 months of imprisonment.  (Amended Judgment, May 21, 2013, dkt. no. 220).  This judgment took into account the Court's intention that the sentence began to run on

October 25, 2004.  (Id.)  Robles filed a Notice of Appeal the

same day.  (Notice of Appeal, May 21, 2013, dkt. no. 221).

On September 27, 2013, Robles' appellate counsel filed a

motion pursuant to Anders v. California, 386 U.S. 738 (1967),

stating that after review of the record counsel had concluded

that there were no non-frivolous arguments that could be raised

on appeal.  (Anders Mot., Sept. 27, 2013, No. 13-2029, dkt. no.

24).  In response, the Government made a motion for summary

affirmance.  (Summary Aff. Mot., Jan. 30, 2014, No. 13-2029,

dkt. no. 47).  The Government's motion was granted on June 30,

2014, by the Court of Appeals.  (Order, June 30, 2014, No. 13-

2029, dkt. no. 66).  In response, Robles filed the instant

habeas petition.

II.  HABEAS MOTION

a. Legal Standard

It is well settled that a § 2255 petition is not a

substitute for a direct appeal.  United States v. Frady, 456

U.S. 152. 165 (1982); United States v. Vilar, 645 F.3d 543, 548

(2d Cir. 2011).  A federal prisoner cannot use a § 2255 petition

to litigate questions that could have been raised on direct

appeal but were not.  Sapia v. United States, 433 F.3d 212, 217

(2d Cir. 2005).  However, a claim of ineffective assistance of

counsel is a permissible basis for bringing a Section 2255

motion.  Tavarez v. Larkin, 814 F.3d 644, 650 (2d Cir. 2016).

4

The Supreme Court has instructed that to prevail on a claim
of ineffective assistance of counsel, a petitioner must show
that (1) counsel's representation fell below an objective
standard of reasonableness and (2) there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceedings would have been different.  Strickland
v. Washington, 466 U.S. 668, 688, 694 (1984).  Habeas courts
must "indulge a strong presumption that counsel's conduct falls
within the wide range of reasonable professional assistance."
Id. at 689.  "Strategic choices" made by appellate counsel
"after thorough investigation of law and facts relevant to
plausible options" are "virtually unchallengeable."  Id. at 690-
91.  Courts are free to address the prejudice prong first if it
is easier for them to dispose of the claim of ineffective
assistance of counsel on those grounds.  Id. at 697.

        b. Discussion

Petitioner claims he is entitled to relief on multiple
grounds.  First, he argues that he received ineffective
assistance of counsel at his de novo resentencing hearing before
this Court because his counsel (1) failed to object to an
improper sentencing enhancement (the inclusion of the Baychester
robbery and robbery at Webb Street) in his PSR, (2) waived his
right to receive an updated PSR, and (3) failed to argue that he
should have received credit for his imprisonment in the Middle

5

District of Pennsylvania.   (See Pet. Mem. at 3-4; see also, Pet. at 6).   Second, Petitioner claims he is entitled to relief because he did not receive a proper de novo resentencing.   (Pet. Mem. at 8).   Petitioner however fails to demonstrate how he was prejudiced by his counsel's alleged deficiencies or to specify in what ways he did not receive a proper de novo hearing. Accordingly, Petitioner is entitled to no relief.

First, Petitioner contends that his counsel was deficient because the robberies at Webb Street and in Baychester should not have been included in his PSR, yet his counsel failed to object to their inclusion.   (Pet. Mem. at 5).   This is factually inaccurate: during the resentencing Petitioner's counsel stated that all parties had previously agreed that the Webb robbery should not be included for the purposes of calculating the sentence.   (Resentencing Tr. at 11).   Counsel also noted that "with the conviction of Count Two having been reversed, we would ask that all references to the fact and I suppose consequences on Count Two be struck from the PSR."   (Id. at 11-12).   The Court agreed to excluding both robberies from the PSR.   (Id. at 12).   Even if Petitioner's allegations were true, he is still entitled to no relief because he has failed to show prejudice. As his counsel conceded, "in terms of how that results in an offense level and a resulting guidelines range, there is no change."   (Id.)   Accordingly, the Court rejects Petitioner's

6

argument with respect to the improper inclusion of the
Baychester and Webb Street robberies in his PSR.

Second, Petitioner was not prejudiced by his counsel's
waiver of his right to a new PSR.  As mentioned above, counsel
noted to the Court that Count Two should not be considered for
the purposes of sentencing and that, in any event, the
guidelines calculation would be the same whether or not Count
Two was included.  (See Resentencing Tr. at 11-12).
Additionally, Petitioner's counsel submitted a twenty-one page
sentencing submission containing up-to-date information in an
attempt to receive a sentence below the guidelines range.
(Sentencing Mem., Apr. 19, 2013, dkt. no. 212).  Petitioner's
counsel also argued before the Court during the sentencing
hearing as to why the Court should impose a sentence of less
than 240 months.  (Resentencing Tr. at 14-18).  Although counsel
could have requested a new report, the information would have
been duplicative of information already before the Court.
Accordingly, the mere waiver of the new report did not cause
prejudice to Petitioner.

Third, counsel's alleged failure to argue for a "fully
concurrent" sentence with Petitioner's prior federal sentence
from the Middle District of Pennsylvania does not provide
Petitioner with any grounds for relief.  As an initial matter,
this was an issue raised by counsel during the resentencing.

(Resentencing Tr. at 4-7).  Petitioner also raised this issue

with the Bureau of Prisoners ("BOP").  (See Opp. Ex. B).  The

BOP rejected Petitioner's argument concerning the calculation of

concurrent aggregate sentences imposed at different times and

explained to Petitioner the correct methodology.  (See id. at

1)(the "Sentence Computation Manual states 'In no case can a

federal sentence of imprisonment commence earlier than the date

on which it is imposed.'  Pursuant to 18 U.S.C. § 3585(A) and in

accordance with Bureau policy, each of your concurrent sentences

began on the date they were imposed.")  The Court agrees with

the BOP's reasoning and therefore finds that Petitioner has

failed to show prejudice.

Finally, Petitioner's assertion that he did not receive a

proper de novo resentencing by the Court is meritless.  The

record reflects that the Court and the parties agreed that the

resentencing should be conducted de novo.  (See Resentencing Tr.

at 8).  Petitioner however fails to specify in what way the

resentencing was not de novo or what information the Court

should have but failed to consider.  Prior to the resentencing,

the Court reviewed the sentencing memoranda submitted by both

parties and then heard arguments from both parties at the

resentencing.  (Id. at 14-27).  Additionally, the Court applied

each of the factors set forth in the sentencing statute, Title

18, Unites States Code Section 3553(a)(1).  (Id. at 28-30).  The

Court noted that Petitioner had a supportive family, had health issues, and had engaged in a pattern of escalating crime. (Id. at 28). The Court also noted that the use of firearms in the robbery weighed in favor of a longer sentence given the seriousness of the offense and that a lengthy sentence was appropriate for the purposes of deterrence. (Id. at 28). The Court therefore determined that a departure from the guidelines was not warranted. (Id. at 30). Because there is nothing in the record to support Petitioner's contention that the Court did not conduct a de novo resentencing, the Court finds that Petitioner is entitled to no relief on this ground.

III. CONCLUSION

For the foregoing reasons, Petitioner's motion [dkt. no. 1] to correct, vacate, and/or set aside his sentence pursuant to Title 28, United States Code, Section 2255, is denied.

SO ORDERED.

Dated:     New York, New York
           March 16, 2017

                              _____
                              LORETTA A. PRESKA
                              Senior United States District Judge

9